**Electronically Filed
Intermediate Court of Appeals
30553
29-FEB-2012
07:57 AM**

NO. 30553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
PAMELA L. TAYLOR, aka A. El-Hajhd Jamil-Taylor, Esq.,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1403)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)


Defendant-Appellant Pamela L. Taylor, also known as A. El-Hajhd Jamil-Taylor, Esq. (Taylor), appeals from the "Judgment of Conviction and Sentence" (Judgment) entered by the Circuit Court of the First Circuit (Circuit Court)[1] on May 12, 2010. A jury found Taylor guilty of two counts of second-degree theft by deception, in violation of Hawaii Revised Statutes (HRS) §§ 708-830(2) (1993) and 708-831(1)(b) (Supp. 2011) (Counts V and VI) and two counts of unauthorized practice of law, in violation of HRS §§ 605-14 and 605-17 (1993) (Counts II and III). The Circuit Court sentenced Taylor five years of imprisonment on Counts V and VI and one year of imprisonment on Counts II and III, all terms to be served concurrently with each other and consecutively to

_____

[1] The Honorable Dexter D. Del Rosario presided.

any other terms being served. The Circuit Court also imposed restitution of $3,400 on Count V and $800 on Count VI.

On appeal, Taylor does not challenge her convictions or sentences on Counts III, V, and VI, but only challenges her conviction on Count II. As to Count II, Taylor argues that the Circuit Court erred in: (1) failing to give a specific unanimity instruction; and (2) denying her motion for judgment of acquittal based on the alleged insufficiency of the evidence. We affirm.

I.

We resolve Taylor's arguments on appeal as follows:

(1) The Circuit Court did not err in failing to give a specific unanimity instruction as to Count II. Consistent with the charge in Count II, the jury was instructed regarding the conduct element for the offense that the prosecution was required to prove beyond a reasonable doubt that "the defendant knowingly did or attempted to do or offered to do any act constituting the practice of law, to wit, took money from Denise Rivers to represent her in a case against Bernadette Higa, called Bernadette Higa identifying herself as an attorney representing Denise Rivers and made legal demands[.]" The jury instruction directed the jury to find the specified acts in the conjunctive. Moreover, the prosecution charged and presented Count II as a continuing offense. See State v. Rapoza, 95 Hawai'i 321, 329-30, 22 P.3d 968, 976-77 (2001) ("[A] specific unanimity instruction is not required if the conduct element of an offense is proved by the prosecution to have been a series of acts constituting a continuous course of conduct and the offense is statutorily defined in such a manner as to not preclude it from being a 'continuous offense.'"). Accordingly, we conclude that the Circuit Court's failure to give a specific unanimity instruction as to Count II did not render the jury instructions for that count "prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Valentine, 93 Hawai'i 199, 204, 998 P.2d 479, 484 (2000) (citations and internal quotation marks omitted).

2

(2)    When viewed in the light most favorable to the prosecution, see State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981), there was sufficient evidence to support Taylor's conviction on Count II.  The prosecution adduced substantial evidence to prove each of the specified acts that were alleged to constitute Taylor's unauthorized practice of law.  Contrary to Taylor's claim, the jury's acquittal on Count I, which charged second-degree theft by deception, was not inconsistent with a finding that Taylor took money from Denise Rivers to represent her in a case against Bernadette Hipa as alleged in Count II because the mental state required for each offense is different.  We conclude that the Circuit Court did not err in denying Taylor's motion for judgment of acquittal.  See State v. Meyers, 112 Hawai'i 278, 286, 145 P.3d 821, 829 (App. 2006).

II.

We affirm the Judgment entered by the Circuit Court.

DATED: Honolulu, Hawai'i, at February 29, 2012.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Kimberly Tsumoto Guidry
Deputy Solicitor General
Girard D. Lau
Acting Solicitor General
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3